IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHIRLEY WULFERT,

    Plaintiff,                      No. CIV S-07-1285 FCD KJM

    vs.

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

    Defendants.                   <u>ORDER</u>

_____/

        Plaintiff's motion to compel came on regularly for hearing November 18, 2009. J. David Oswalt appeared for plaintiff. Royal Oakes appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. Defendants shall produce no later than November 25, 2009 the information as outlined in the parties' joint discovery statement for requests for production nos. 1, 2, 6, 8 and 9 and interrogatories 3, 4, 5, 6, 9, 14 and 16. Production of the claims manual and policies and procedures shall be subject to a protective order as follows: in the absence of a stipulation by the parties to a form of protective order, said production shall be used solely for purposes of this litigation.

1

2. Defendants contend they have no further information responsive to request for production no. 7 other than the already produced claims file. In light of that representation, the motion to compel is denied. Defendants are reminded that discovery is not a timing device. Having failed to produce any other information regarding why an in-person medical examination was not ordered, defendants should be precluded at trial from introducing any other evidence on this issue.

3. The motion to compel interrogatory no. 11 is denied without prejudice in view of the representation by NMR that it will be producing the information requested in that interrogatory no later than November 30, 2009. See Docket no. 32.

4. With respect to interrogatory no. 12, although defendants have submitted an affidavit regarding the burden it argues would be imposed if the search for the requested information was conducted in a particular manner, there is no evidence before the court that defendants cannot simply request from NMR the names of MetLife insureds as to whom Dr. Payne conducted a physician file review. Moreover, the provisions of the HIPAA regulations do not prohibit the exchange of this information between NMR and defendants. The motion to compel interrogatory no. 12 thus is granted. Further verified response to this interrogatory shall be provided no later than December 2, 2009.

5. The motion to compel further responses to interrogatories 13 and 15 is granted in part. No later than November 30, 2009, defendant shall provide supplemental answers verifying the information in the joint stipulation regarding the billing to NMR, and provide for each year since 2003 the total number of claims referred to NMR and the total dollar amounts paid to NMR.

DATED: November 23, 2009.

_____
U.S. MAGISTRATE JUDGE

006 wulfert.oah